**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARITZA CAROLINA ROSALES FLORES,                                         **Civ. Action No.**

                              Plaintiff,                                                                     **COMPLAINT**

      -against-


GUADALUPE MIX RESTAURANT & DELI
CORP., and Carmen Otilia Quezada,

                              Defendants.
-----------------------------------------------------------X

Plaintiff, MARITZA CAROLINA ROSALES FLORES ("Plaintiff"), as and for her Complaint against Defendants, GUADALUPE MIX RESTAURANT & DELI CORP. ("Guadalupe Mix") and CARMEN OTILIA QUEZADA ("Quezada") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff worked for Defendants at their restaurant in Fishkill, New York.

2.      Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to her employment with Defendants.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and their respective attendant regulations.

4.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

5.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

1

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

7. Plaintiff is an adult female currently residing in the State of New York.

8. Quezada is an adult female and, upon information and belief, currently resides in the State of New York.

9. Guadalupe Mix is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

### Defendant Guadalupe Mix Restaurant & Deli Corp. ("Guadalupe Mix")

10. Guadalupe Mix maintains a principal place of business located at 213 Route 82, Fishkill, New York 12524.

11. At all times relevant to this Complaint, Guadalupe Mix had employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

12. At all times relevant to this Complaint, Guadalupe Mix had employees, including Plaintiff, who handled, sold, or otherwise worked on goods or materials, including food products and kitchen equipment, that have been moved in or produced for interstate commerce.

13. At all times relevant to this Complaint, Guadalupe Mix had or will have an annual gross volume of sales of not less than $500,000.00 for the applicable year of Plaintiff's employment.

14. During Plaintiff's employment, Guadalupe Mix maintained control, oversight, and

direction over Plaintiff, including timekeeping, payroll, and other employment practices.

15. At all times relevant to this Complaint, Guadalupe Mix was a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiff.

**Defendant Carmen Otalia Quezada ("Quezada")**

16. At all times relevant to this Complaint, Quezada was an individual engaged in business within this judicial district.

17. At all relevant times, Quezada was and continues to be a shareholder, owner, officer, director, and/or managing agent of Guadalupe Mix.

18. At all times relevant to this Complaint, Quezada held himself out as owner Guadalupe Mix and ran the day-to-day operations of the business.

19. At all times relevant to this Complaint, Quezada had unfettered authority over personnel decisions and controlled the employment terms of Guadalupe Mix's workers, including determining the wages of its employees, assigning employees specific tasks, establishing the schedules of its employees, maintaining employee records, hiring and firing employees, and supervising the wage and hour practices and policies of its employees, including as such practices and policies applied to Plaintiff.

20. Quezada hired Plaintiff.

21. Quezada fired Plaintiff.

22. Quezada decided on Plaintiff's job duties and responsibilities.

23. Quezada supervised Plaintiff's job duties and responsibilities.

24. Quezada decided the schedule Plaintiff worked.

25. Quezada decided the total number of hours Plaintiff worked each week.

3

26. Quezada determined Plaintiff's rates of pay.

27. Quezada was responsible for ensuring Plaintiff was paid properly.

28. At all relevant times, Quezada was an employer within the meaning of the FLSA and the NYLL and employed Plaintiff.

**Defendants Constitute Joint Employers and a Single Enterprise**

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

31. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

32. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Maritza Carolina Rosales Flores ("Plaintiff")**

33. At all relevant times, Plaintiff was an employee of Defendants as defined by the FLSA and the NYLL.

34. Defendants employed Plaintiff as a restaurant worker from on or about January 12, 2026 through on or about April 19, 2026.

35. During her employment, Plaintiff's primary job duties included cooking, cleaning, making deliveries, serving customers, and picking up restaurant supplies.

36. During her employment, Plaintiff worked six (6) days per week according to the following schedule: Monday from 11:00 a.m. to 11:30 p.m., Tuesday and Thursday from 4:00 p.m.

4

to 11:30 p.m., Friday from 11:00 a.m. to 11:30 p.m., Saturday from 11:00 a.m. to 11:30 p.m., and sometimes later, and Sunday from 10:30 a.m. to 11:30 p.m., without uninterrupted meal breaks.

37.    During her employment, Plaintiff was required, once per week, to purchase restaurant supplies before reporting to work, requiring her to begin her workday two (2) hours before her regularly scheduled start time.

38.    During holidays and scheduled events at Guadalupe Mix, Plaintiff regularly worked beyond her scheduled shift, remaining on duty until between 1:00 a.m. and 5:00 a.m.

39.    During her employment, Plaintiff worked at least sixty-seven and one half (67.5) hours.

40.    For the first six (6) weeks of her employment, Defendants paid Plaintiff an hourly rate of $10.70 for the first forty (40) hours worked each week.

41.    During this time, Defendants paid Plaintiff no compensation at all for any hours beyond forty (40) each week.

42.    For the last eight (8) weeks of her employment, Defendants failed to pay Plaintiff any compensation at all.

43.    Beginning in January 2026, the minimum wage rate in Dutchess County, where Defendants' restaurant was located, is $16.00.

44.    Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

45.    Defendants never paid Plaintiff overtime compensation for any of the hours she worked in excess of forty (40) per week at a rate of one and one-half times her regular rate of pay.

46.    Defendants never paid Plaintiff spread-of-hours compensation for any day on which her shifts exceeded ten (10) hours at a rate of one (1) additional hour of pay at the statutory

minimum wage rate.

47.    Defendants did not provide Plaintiff with a complete and accurate wage notice when she was hired, or at any time thereafter, as required by NYLL § 195(1).

48.    Defendants did not provide Plaintiff with complete and accurate paystubs, as required by NYLL § 195(3).

49.    Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff was kept in the dark about how much she should have been paid.

50.    Had Defendants provided such wage notices and statements, Plaintiff would have been more likely to know that she was entitled to (i) overtime compensation for the hours she worked in excess of forty (40) each week, (ii) minimum wages for all hours worked, and, (iii) spread-of-hours compensation for those days she worked at least ten (10) hours, and she could have advocated for herself and brought this lawsuit earlier to enforce her rights under state and federal law.

51.    However, because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, she could not rectify the situation, which resulted in her continued underpayment of wages.

52.    As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred a tangible, downstream harm.

53.    Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

54.    Defendants were aware of the federal and state wage and hour laws.

55.    Defendants knowingly disregarded the federal and state wage and hour laws.

56.    Defendants' failure to pay proper wages in a timely manner has been made without

6

good faith, willfully, and with a reckless disregard for Plaintiff's rights.

57.    Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET. SEQ.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

58.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60.    Defendants are subject to the overtime pay requirements of the FLSA because Guadalupe Mix is an enterprise engaged in commerce or in the production of goods for commerce.

61.    At all times relevant to this Complaint, Guadalupe Mix had two (2) or more employees handling goods or materials that have moved in interstate commerce, including Plaintiff who handled food products and cooking and cleaning equipment that originated outside of the State of New York.

62.    Upon information and belief, the gross annual volume of sales made or business done by Guadalupe Mix in the applicable year was not or will not be less than $500,000.00.

63.    At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal

to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

65.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

66.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67.    However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

68.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

69.    Defendants did not act in good faith with respect to the conduct alleged herein.

70.    As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 19
### FAILURE TO PAY OVERTIME

71.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72.    At all times relevant to this Action, Plaintiff has been employed by Defendants within the meaning of New York Labor Law §§2 and 651.

73.    At all times relevant to this Action, Defendants employed Plaintiff in their restaurant and, therefore, the Parties' employment relationship was governed by the Hospitality Industry Wage Order.  *See* 12 N.Y.C.R.R. § 146.

74. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 146-1.4.

75. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL.

76. Plaintiff was not exempt from the overtime provisions of the NYLL because she did not meet the requirements for any of the exemptions available under New York law.

77. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

78. Defendants have not acted in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the NYLL, Plaintiff has incurred and continues to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

82. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

83. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

84.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

85.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

87.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88.     As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

89.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90.     Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other

10

things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

91.    Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

92.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF THET NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

93.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

94.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

95.    Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

96.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, minimum wages, and spread-of-hours compensation;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.    Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E.    Award interest on all unpaid wages due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action;

G.    Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H.    Provide such further relief as the Court deems just and equitable.

Dated:  Massapequa, New York
July 9, 2026

The NHG Law Group, P.C.

_____

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com

13